## Case No. 2,703.

### CHRISTMAN v. HAYNES.

[8 N. B. R. (1873) 528.][1]

District Court, E. D. New York.

BANKRUPTCY — INSOLVENT DEBTOR — SUFFERING SEIZURE AND SALE ON EXECUTION — SUIT BY ASSIGNEE—MEASURE OF DAMAGES.

1. An insolvent debtor, within four months before the filing of a petition in bankruptcy, suffered his property to be seized and sold on execution by a creditor who had reasonable cause to believe the debtor insolvent at that time. *Held*, that the assignee in bankruptcy was entitled to a judgment against the creditor for the value of the property seized on the execution.

2. In this case the value of the property was fixed at the amount the creditor authorized to be endorsed upon the execution.

BENEDICT, District Judge. The present is a clear case. A bankrupt, Annie Hentall, within four months before the filing of a petition in bankruptcy against her, suffered her property to be seized on execution by the defendant, with the intent to give the defendant a preference over the other creditors. She was then insolvent, and the defendant had reasonable cause to believe her to be insolvent at the time. When chargeable with such knowledge, he took the proceedings which resulted in a judgment against the bankrupt and a subsequent transfer to him by the sheriff, through the machinery of a sale under this execution, of all the property of the bankrupt, to the exclusion of her other creditors. The evidence brings the case fully within the decisions of the circuit and supreme courts of the United States, and entitles the assignee to a judgment against the defendant for the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [From 10 N. B. R. 268.]

[1] [Reprinted by permission.]

value of the property. The testimony does not show very clearly what that value is. It is at least one thousand two hundred and two dollars; for the defendant, when he received the property, endorsed that sum upon his execution. The bankrupt says it was worth more and that if sold at retail would have realized as much as two thousand three hundred and forty dollars. But I do not feel justified upon her evidence, as she gives it, to give judgment against the defendant for the sum she states as being the value of the property received by him. Upon the evidence the judgment against the defendant must be for one thousand two hundred and two dollars, unless the plaintiff elect a reference at his own expense to take further evidence as to the actual value of the property of the bankrupt taken by the sheriff and delivered to defendant.